**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

OSCAR B.,

                            Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

3:25-CV-565
(DJS)

_____

**APPEARANCES:**

LACHMAN & GORTON
Attorney for Plaintiff
1500 East Main Street
P.O. Box 89
Endicott, New York 13760-0089

U.S. SOCIAL SECURITY ADMIN.
OFFICE OF THE GENERAL COUNSEL
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**OF COUNSEL:**

PETER A. GORTON, ESQ.

GEOFFREY M. PETERS, ESQ.

**DANIEL J. STEWART**
**United States Magistrate Judge**

1

## MEMORANDUM-DECISION AND ORDER[1]

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings, Dkt. Nos. 14 & 16, and Defendant's Motion for Judgment on the Pleadings. Dkt. No. 15. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied.

## I. BACKGROUND

### A. Factual Background

Plaintiff was born in 1987 and has past work experience as a busboy, cook, stock, and bus driver. Dkt. No. 8, Admin. Tr. ("Tr."), pp. 39, 221, & 226. Plaintiff reported having an 11th grade education. Tr. at p. 226. Plaintiff alleges disability based on post-traumatic stress disorder, attention deficit/hyperactivity disorder, bipolar disorder, depression, severe anxiety, social phobia, dysgraphia, high blood pressure, and right knee arthritis. Tr. at p. 231. Plaintiff's application for disability insurance benefits was initially denied on August 24, 2023, Tr. at pp. 93-97, and upon reconsideration on March 4, 2024. Tr. at pp. 101-03. Plaintiff thereafter timely requested a hearing before an

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 6 & General Order 18.

Administrative Law Judge ("ALJ"). *See* Tr. at pp. 108-09. Plaintiff subsequently appeared and testified at a hearing before ALJ Jeremy Eldred on October 18, 2024. Tr. at pp. 33-55. A vocational expert also testified at the hearing. *Id.* On November 26, 2024, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 8-27. On March 27, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

### B.  The ALJ's Decision

The ALJ found that Plaintiff meets the insured status requirements under the Social Security Act through September 30, 2028, and had not engaged in substantial gainful activity since April 18, 2023. Tr. at p. 13. Second, the ALJ found that Plaintiff had the following severe impairments: "arthritis of the knees, status post nondisplaced fracture of the fifth metatarsal bone of the left foot, asthma, unspecified bipolar-related disorder, generalized anxiety disorder with panic symptoms, attention deficit hyperactivity disorder, and trauma- and stressor-related disorder." Tr. at p. 14. Third, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1. Tr. at p. 14. Fourth, the ALJ concluded that Plaintiff had the

3

residual functional capacity ("RFC") to perform a full range of work at the light exertional level with the following additional limitations:

> he can stoop frequently; can climb, balance, kneel, crouch, or crawl occasionally; must avoid exposure to temperature extremes and high humidity; must avoid exposure to concentrated dust, odors, fumes, or gases; must avoid exposure to hazardous working conditions, such as work done at unprotected heights or with dangerous moving machinery; can understand, remember, and carry out simple and routine instructions; can use judgment to make simple work-related decisions; can interact occasionally with supervisors, co-workers, or the public; and can appropriately adapt to ordinary changes in a routine work setting.

Tr. at p. 16.  Next, the ALJ found that Plaintiff could not perform any past relevant work. Tr. at p. 19.  However, the ALJ also found that Plaintiff could perform work existing in significant numbers in the national economy.  Tr. at pp. 20-21.  As a result, the ALJ found that Plaintiff was not disabled as defined in the Social Security Act.  Tr. at p. 21.

## II.  RELEVANT LEGAL STANDARDS

### A.  Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  42 U.S.C. § 405(g); *Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022).  Rather, the Commissioner's determination will be reversed only if the ALJ did not apply the correct legal standards, or if the determination was not supported by substantial evidence.  *Moran v. Astrue*, 569 F.3d 108, 113 (2d Cir. 2009). "Substantial evidence" is "more than a mere scintilla," and means only "such relevant

4

evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation omitted).

On an appeal, to determine whether substantial evidence supports the ALJ's findings, the Court considers "the whole record, examining the evidence from both sides" because analysis of the evidence's substantiality must include information "which detracts from its weight." *Stacy D. v. Comm'r of Soc. Sec.*, 358 F. Supp. 3d 197, 201 (N.D.N.Y. 2019) (internal quotation omitted) (quoting *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988)). If the Commissioner's finding is supported by substantial evidence, it must be sustained "even where substantial evidence may [also] support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Thomas C. W. v. Kijakazi*, 666 F. Supp. 3d 202, 215 (N.D.N.Y. 2023) (internal quotation and citation omitted) (alteration in original).

**B.  Standard to Determine Disability**

The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this evaluation process. *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003).

The five-step process first asks "whether the claimant is currently doing substantial gainful activity." *Nunez v. Comm'r of Soc. Sec.*, 164 F.4th 60, 67-68 (2d Cir.

2025) (internal quotation and citation omitted).  Step two considers "whether the claimant has a severe impairment or combination of impairments."  *Id.*  (internal quotation omitted) (quoting *Estrella v. Berryhill*, 925 F.3d 90, 94 (2d Cir. 2019)).  Step three then examines whether the impairment meets or equals the severity of specific impairments in the Listing of Impairments.  *Id.* Step four analyzes, based on the claimant's RFC assessment, "whether the claimant can perform any of their past relevant work."  *Id.*  (internal quotation and citation omitted).  Lastly, step five "evaluates whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's [RFC], age, education, and work experience."  *Id.* (internal quotation omitted) (alteration in original) (citing *Estrella v. Berryhill*, 925 F.3d at 94).

"If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further."  *Schillo v. Kijakazi*, 31 F.4th at 70 (internal quotation omitted) (quoting *Barnhart v. Thomas*, 540 U.S. at 24) (alteration in original).

## III. DISCUSSION

### A. Lack of Substantial Evidence to Support the Step Two Analysis

Plaintiff argues that the ALJ erred at step two by failing to find his alleged dysgraphia to be a severe impairment and that medical evidence established the

6

impairment.  Dkt. No. 14, Pl.'s Br. at p. 7.  In response, the Commissioner maintains that substantial evidence supports the ALJ's step two finding.  Dkt. No. 15, Def.'s Br. at p. 8.

Under step two of the sequential analysis, the ALJ must determine whether the claimant has a severe impairment which limits his or her mental or physical work abilities.  *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).  The standard for a finding of severity is *de minimis*, intended to only screen out the weakest cases.  *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014).  First the ALJ determines whether the claimant has a medically determinable impairment, and then the ALJ examines its severity.  *Wayne P. M. v. Comm'r of Soc. Sec.*, 2026 WL 849934, at *3 (N.D.N.Y. Mar. 27, 2026) (citing 20 C.F.R. § 404.1521).

"A physical or mental impairment must be established by objective medical evidence from an acceptable medical source" and thus must be a result of anatomical, physiological, or psychological abnormalities "shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. § 404.1521.  Medical opinions, diagnoses, and statements of symptoms are not substitutes for clinical or laboratory techniques and cannot alone establish the existence of an impairment.  *Hopson v. Comm'r of Soc. Sec.*, 579 F. Supp. 3d 501, 513 (S.D.N.Y. 2022) (citing 20 C.F.R. §

7

416.921); *accord Carrie G.W. v. Comm'r of Soc. Sec.*, 2024 WL 5378978, at \*4 (N.D.N.Y. Oct. 9, 2024) (citing 20 C.F.R. §§ 404.1529(b), 416.929(b)).

Here, the ALJ found that the available evidence did not establish Plaintiff's alleged inability to write (dysgraphia) as a medically determinable impairment. Tr. at p. 14. The ALJ noted that Plaintiff's "impairments have simply been reported by the claimant" and "are not objectively documented." *Id.* Furthermore, the ALJ explained that Plaintiff's "statements concerning his impairments [we]re considered symptoms," which the ALJ ruled alone cannot establish a medically determinable impairment. *Id.*

Plaintiff alleges that evidence available to the ALJ did establish his dysgraphia, specifically Dr. Crocket's notes from the June 27, 2023, examination. Pl.'s Br. at p. 8. In Dr. Crocket's assessment, she wrote that Plaintiff "has dysgraphia, where he does not write. His wife actually filled out the history and physical exam form. This has been present since 1987 when he was born." Tr. at p. 429. Also, she included "dysgraphia" as one of Plaintiff's diagnoses. Tr. at p. 432. Plaintiff's dysgraphia is also referenced later in the record in the opinions of Dr. Long, Dr. Laird, and in documents from the Lourdes Center for Mental Health along with an example of Plaintiff's signature. Tr. at pp. 440, 453, 474, & 501.

While Dr. Long stated that Plaintiff himself "reports dysgraphia and that his wife did his paperwork," Tr. at pp. 440-41, Dr. Crocket specifically articulated that Plaintiff

had this condition, not just that he reported it to her. Tr. at p. 429. This directly contrasts with the ALJ's finding that only Plaintiff has reported his alleged impairment. Tr. at p. 14. Further, the Commissioner's argument that Plaintiff's alleged condition "is nothing more than the product of Plaintiff's own belief" and that he did not point to any evidence supporting the existence of his alleged dysgraphia is unconvincing. Def.'s Br. at pp. 10-11. Although the record does not appear to contain clinical and laboratory diagnostic techniques, Plaintiff's alleged dysgraphia appears to have been objectively documented and diagnosed by an acceptable medical source: Dr. Crocket. Tr. at pp. 429 & 432; 20 C.F.R. § 404.1521. In addition, Plaintiff mentioned his inability to write several times during his hearing testimony but was never asked about it. Tr. at pp. 41-42. Based on this information, the Court is not convinced all available evidence was properly considered in the analysis of Plaintiff's alleged dysgraphia. *Lauren A. v. Saul*, 2019 WL 4242248, at *5 (N.D.N.Y. Sep. 6, 2019) (remanding because there was a lack of substantial evidence supporting the ALJ's conclusion that the plaintiff's alleged multiple sclerosis was not a medically determinable impairment).

The Commissioner argues Plaintiff's claims as to his writing or learning troubles requiring work-preclusive RFC limitations are meritless because he "was able to work for long periods as a busboy, cook, stocker, and bus-driver." Def.'s Br. at p. 11. It is

9

relevant to point out that none of these jobs appear to require Plaintiff to have the ability to write.

Additionally, the Commissioner argues that even if there was an error at step two, Plaintiff's "argument remains unavailing . . . because the ALJ found Plaintiff had multiple severe medical impairments at step two (including mental impairments)" and therefore those "conditions were considered during the subsequent steps." *Id.* at p. 11 (internal quotation and citation omitted). "An error at step two may be harmless if the ALJ identified other severe impairments, proceeded through the remainder of the sequential evaluation, and specifically considered all severe and non-severe impairments during subsequent steps of the process." *Isacc R. v. Kijakazi*, 2022 WL 306364, at \*7 (N.D.N.Y. Feb. 2, 2022) (citing *Reices-Colon v. Astrue*, 523 Fed. App'x 796, 798 (2d Cir. 2013)).   However, the step two harmless error doctrine is not applicable "to a determination that an impairment is not medically determinable." *Id.* (internal quotation marks and citation omitted).   Only medically determinable impairments, regardless of severity, are considered in formulating an RFC. *Bruce Wayne C. v. Comm'r of Soc. Sec.*, 2022 WL 1304024, at \*12 (N.D.N.Y. May 2, 2022) (citation omitted).

In the instant case, the ALJ did not rule on whether Plaintiff's alleged dysgraphia was severe, instead he failed to find that it was even a medically determinable

10

impairment at all.  Tr. at p. 14.  Because the ALJ did not find Plaintiff's alleged dysgraphia to be a medically determinable impairment, it was not considered or included in the RFC and thus the harmless error doctrine does not apply.  *Bruce Wayne C. v. Comm'r of Soc. Sec.*, 2022 WL 1304024, at *12; *Isacc R. v. Kijakazi*, 2022 WL 306364, at *7.  Accordingly, remand is warranted for further consideration of whether Plaintiff's alleged inability to write is a medically determinable impairment based on the evidence in the record.

### B. Failure to Explain the Evaluation of Dr. Vananda's Opinion

Plaintiff argues that the ALJ erred in finding the opinion of Dr. Vananda to be unpersuasive.  Pl's. Br. at pp. 13-14.  Specifically, Plaintiff argues the ALJ erred in rejecting Dr. Vananda's opinion because, among other things, the ALJ stated that there were no treatment records supporting the opinion and incorrectly rejected the opinion as inconsistent with the other doctors' opinions.  *Id.*; Tr. at pp. 18-19.

The Commissioner evaluates the persuasiveness of medical opinions based on the following five factors: supportability, consistency, relationship with the claimant, specialization, and other factors.  *John L. M. v. Kijakazi*, 2022 WL 3500187, at *2 (N.D.N.Y. Aug. 18, 2022) (citing 20 C.F.R. § 416.920c(a)-(c)).  For supportability and consistency, the ALJ must explain how he or she considered them.  *Villier ex rel.*

11

*N.D.D.R. v. Comm'r of Soc. Sec.*, 2024 WL 2174236, at *2 (2d Cir. May 15, 2024) (citing 20 C.F.R. § 404.1520c(a), (c)(2)).

The supportability factor examines "how well the objective medical evidence and explanations given support the medical source's conclusions." *Nunez v. Comm'r of Soc. Sec.*, 164 F.4th at 73 (citations omitted). When analyzing, the ALJ must confine his or her inquiry "to the medical source's own record." *Tammie R. P. v. Bisignano*, 2025 WL 2711530, at *5 (N.D.N.Y. Aug. 26, 2025) (quotation omitted). In contrast, "[t]he consistency factor compares a medical opinion to 'the evidence from other medical sources and nonmedical sources in the claim[.]'" *Michelle L. P. v. Comm'r of Soc. Sec.*, 2025 WL 2933191, at *4 (N.D.N.Y. Jul. 25, 2025) (quoting 20 C.F.R. § 416.920c(c)(2)) (second alteration in original). If the ALJ fails to explain supportability and consistency, it is a procedural error. *Id.* (citing *Loucks v. Kijakazi*, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022)). Remand is required where the ALJ fails to adequately explain supportability or consistency or based the explanation on a misreading of the record. *Kaliegh O. ex rel. S.S.T. v. Comm'r of Soc. Sec.*, 2025 WL 2933177, at *4 (N.D.N.Y. Aug. 11, 2025) (citation omitted).

First, in analyzing supportability, the ALJ found that Dr. Vananda's opinion lacked support because there were no treatment records or supporting information besides a list of mental health diagnoses and medications. Tr. at p. 18. While this was

true at the time of the ALJ's decision, certain records from this provider are now a part of the record and can be considered on remand.

Additionally, in analyzing consistency, the ALJ only stated that "Dr. Vananda's opinion is inconsistent with the opinions from Dr. Kamin, Dr. Blackwell, Dr. Long, and Dr. Laird." Tr. at pp. 18-19. The ALJ did not offer an explanation as to how or why Dr. Vananda's opinion was inconsistent; he only concluded that it was and moved forward with his decision. Tr. at p. 19. A conclusory analysis of the consistency factor "precludes the Court from undertaking meaningful review" of the ALJ's evaluation of Dr. Vananda's opinion. *Jaleesa H. v. Comm'r of Soc. Sec.*, 580 F. Supp. 3d 1, 9 (N.D.N.Y. 2022) (citations omitted). Failure to explain the consistency of Dr. Vananda's opinion is a procedural error. *Michelle L. P. v. Comm'r of Soc. Sec.*, 2025 WL 2933191, at *4 (citing *Loucks v. Kijakazi*, 2022 WL 2189293, at *2). Because consistency was not adequately explained, remand of this matter is required. *Kaliegh O. ex rel. S.S.T. v. Comm'r of Soc. Sec.*, 2025 WL 2933177, at *4. On remand, there must be a more detailed explanation of how the consistency factor was considered in evaluating Dr. Vananda's opinion.

### C. Nature of the Remand

Plaintiff seeks remand for either the calculation of benefits or further administrative proceedings. Pl.'s Br. at p. 18. Remand solely for calculation of benefits

13

is appropriate when there is persuasive proof of disability in the record and "further evidentiary proceedings would serve no purpose." *Sonia A. v. Bisignano*, 2026 WL 496922, at \*5 (N.D.N.Y Feb. 23, 2026) (quoting *Parker v. Harris*, 625 F.2d 225, 235 (2d Cir. 1980)).  Here, the record contains no persuasive proof of disability, and the Court has made no finding that Plaintiff is disabled.  The Court has only found that the evaluation of Plaintiff's claim was inconsistent with applicable rules and will be remanded for further administrative proceedings.  The Court, therefore, declines to examine Plaintiff's other arguments and remands pursuant to sentence four.

## IV.  CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion denying Plaintiff disability benefits is **REVERSED** and the Complaint is **REMANDED**; and it is further

14

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: July 9, 2026
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

15